IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARTHUR MINOR, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: 3:04 cv 627 DRH |
| | ) | |
| PRO-COMM COMMUNICATIONS, INC. and | ) | |
| PRO COMM COMMUNICATIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the Affidavit of Matthew B. Lepppert filed June 24, 2005 (Doc. 24) and the Motion for Reconsideration filed by the defendant, Pro-Comm Communications, Inc., on June 24, 2005 (Doc. 25). The motion for reconsideration is **DENIED**.

Background

On June 1, 2005 a telephone conference was held regarding a discovery dispute between the parties. The plaintiffs were represented by Attorney Matt Leppert and the defendant was represented by Attorney Kevin Stine. At the conference, the defendant was ordered to turn over discovery, including answers to interrogatories and documents, by June 10, 2005. The defendant was further ordered to show cause on June 13, 2005, in person, if the defendant failed to turn over discovery by the deadline.

On June 13, 2005, the show cause hearing was held and the defendant failed to appear. At the hearing, the plaintiff proffered that not all discovery had been turned over by the defendant. Therefore, this Court ordered the defendant to pay sanctions for the failure to comply with the order of this Court. The sanctions imposed were the reasonable expenses of the

1

plaintiff's counsel in attending the show cause hearing.  The defendant further was ordered to show cause, in writing, why it failed to comply with this Court's orders.  On June 24, 2005, plaintiff's counsel submitted an affidavit indicating that they incurred $156.00 in attorney fees for the show cause hearing.

In the defendant's motion for reconsideration (which is also a response to the order to show cause), Attorney Stine, indicated that he had faxed responsive documents to the plaintiff on June 9, 2005.  Attorney Stine also stated that he had asked Attorney Leppert to tell him if the show cause hearing would still be held given his response to the plaintiff's discovery requests.  Specifically, he requested that Attorney Leppert telephone him "as to whether we are having the hearing Monday morning."  Attorney Leppert has indicated that he did not receive a fax on June 9, 2005.  When he did receive the documents that were included in the June 9, 2005 fax, on June 24, 2005, he noted that the response still was incomplete.  The plaintiff further has indicated to the Court that the defendant agreed to provide the remaining documents by June 30, 2005.

Discussion

The responsbility was on the defendant, not plaintiff's counsel, to determine whether the show cause hearing would occur as scheduled.  As there was no order of this Court cancelling the show cause hearing, the defendant should have appeared.  The burden was not upon the plaintiff to inform the defendant of whether he intended to go forward with the hearing.  The prerogative was with the Court as to whether the hearing would be conducted as scheduled.  Defense counsel, at the very least, should have contacted chambers if there was any confusion.  While the Court will not impose further sanctions at this time, the defendant shall pay to the plaintiffs the amount of $156.00 (payable to plaintiff's counsel) in sanctions for the failure to

appear at the show cause hearing.  The Court assumes that the defendant now has complied with the discovery requests of the plaintiff.  If this dispute remains on-going, the parties may contact chambers regarding the scheduling of an in person hearing on the matter.

For the foregoing reasons, the Motion for Reconsideration filed by the defendant, Pro-Comm Communications, Inc., on June 24, 2005 is **DENIED** (Doc. 25).  The defendant shall pay $156.00 to Attorney Leppert by August 1, 2005.

**DATED: July 1, 2005.**

<u>**s/ Donald G. Wilkerson**</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**

3