**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**ARTHUR MINOR, JR., et al.,**

**Plaintiffs,**

**v.**

**PRO-COMM COMMUNICATIONS, INC.,**

**Defendant.**                                    **Case No. 04-CV-627-DRH**


**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

## I. Introduction

　　　　Before the Court is a motion for summary judgment filed by Plaintiffs Trustees of the Local 309 Electrical Heath and Welfare Fund; Trustees of the NECA-IBEW Pension Benefit Fund; Trustees of the Southwestern Illinois Joint Apprenticeship and Training Committee; Trustees of the National Electrical Benefit Fund; Local 309, International Brotherhood of Electrical Workers, AFL-CIO ("Local 309"); Trustees of the National Labor Management Cooperation Committee-Illinois Chapter; and the Administrative Maintenance Fund (collectively, "Plaintiffs"). (Doc. 41.) Defendant Pro-Comm Communications ("Defendant") responds in opposition. (Doc. 50.) For the reasons below, the Court grants in part and denies in part Plaintiffs' motion.

## II.  **Background**

This case arises under the **Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.** ("ERISA").  Plaintiffs consist of a union, Local 309, that represents employees of Defendant, and a group of funds that are third-party beneficiaries to the collective bargaining agreement ("CBA" or "agreement") entered into by Defendant and Local 309 on July 25, 2002.  Plaintiffs allege that Defendant, a corporation engaged in the electrical construction business, failed to make payments due under the CBA, and therefore that Defendant owes them several thousand dollars in addition to liquidated damages, interest, and attorneys' fees under **29 U.S.C. § 1132**. More specifically, Plaintiffs assert that Defendant is liable both for unreported contributions and for $72,273.79 in contributions and working dues for the period from July 25, 2002 to September 2005, as well as interest, liquidated damages, and fees.  Included in this sum are contributions Plaintiffs claim are due on amounts paid to Rodney Cheatham, Defendant's President.  Plaintiffs maintain that the CBA covers the supervisory work Cheatham performed.

Defendant sees things differently.  It argues, as an initial matter, that it is not liable to Plaintiffs for failing to contribute in accordance with the CBA's terms. Its position is that its obligation to perform under the CBA ended when Local 309 breached a pre-CBA promise to provide Defendant's employees with health-and-welfare coverage.  Defendant also assets that even if it is liable under the CBA, it

should be permitted to deduct the cost of the health insurance it purchased for its employees when Local 309 failed to live up to its pre-agreement promise.  Further, Defendant maintains that in any case, it is not liable for contributions on behalf of Cheatham because the work he performed was not covered by the CBA, and also that it owes Plaintiffs no liquidated damages, interest, or fees.  Finally, Defendant argues that the CBA expired on August 31, 2005, and no contributions are due after that date.[1]

### III.  Analysis

#### A.    Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   **Fed. R. Civ. P. 56(c)**; *Oats v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997)** (citing *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986)**).  The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law.  *Santaella v. Metro. Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997)** (citing *Celotex*, **477 U.S. at 323**).   In reviewing a summary judgment motion, the Court does not

---

[1] Defendant further argues that even if it does owe Plaintiffs money, the numbers in Plaintiffs' audit are not final and cannot give rise to summary judgment.  The fact that interest, attorneys' fees, and liquidated damages cannot presently be determined, however, does not foreclose this Court's ability to determine whether summary judgment is proper on the dual questions of whether Defendant is liable to Plaintiffs and the amount of Defendant's liability.

determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***Celex Group, Inc. v. Executive Gallery, Inc.***, **877 F. Supp. 1114, 1124 (N.D. Ill. 1995)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. ***Regensburger v. China Adoption Consultants, Ltd.***, **138 F.3d 1201, 1205 (7th Cir. 1998)** (citing ***Anderson v. Liberty Lobby, Inc.***, **477 U.S. 242, 255 (1986)**).

In response to a motion for summary judgment, the nonmovant may not simply rest upon the allegations in his pleadings. Rather, the nonmoving party must show through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial. ***Walker v. Shansky***, **28 F.3d 666, 670-71 (7th Cir. 1994)**. In reviewing a summary judgment motion, the court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***Dykema v. Skoumal***, **261 F.3d 701, 704 (7th Cir. 2001)** (citing ***Anderson v. Liberty Lobby, Inc.***, **477 U.S. 242, 249**). The "mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient to show a genuine issue of material fact." ***Weeks v. Samsung Heavy Indus. Co., Ltd.***, **126 F.3d 926, 933 (7th Cir. 1997)** (citing ***Anderson***, **477 U.S. at 252**). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson***, **477**

U.S. at 249-50 (citations omitted).  *Accord **Starzenski v. City of Elkhart**, 87 F.3d 872, 880 (7th Cir. 1996)*; ***Tolle v. Carroll Touch, Inc.**, 23 F.3d 174, 178 (7th Cir. 1994)*.  "[The nonmoving party's] own uncorroborated testimony is insufficient to defeat a motion for summary judgment." ***Weeks**, 126 F.3d at 939*.  "Conclusory and immaterial statements contained in an affidavit are insufficient to bar summary judgment." ***Laborers' Pension Fund v. RES Envtl. Servs.**, 377 F.3d 735, 736 (7th Cir. 2004)*.

### B.    Defendant's Liability Under the CBA

Pursuant to **29 U.S.C. § 1145**,

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Multiemployer plans, like all-but-one Plaintiff here,[2] are not parties to collective bargaining agreements.  Instead, such plans are third-party beneficiaries with standing similar to that of holders in due course. ***Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Serv., Inc.**, 870 F.2d 1148, 1149 (7th Cir. 1989)*.  Employers' monetary obligations to multiemployer plans are not terminated by defects in formation "such as fraud in the inducement [or] oral promises to disregard the text." ***Id. at 1153***.  Rather, a party's obligations are dictated solely by the language of the CBA. ***Central States, Southeast and***

---

[2] The sole outlier is Local 309 itself.

***Southwest Areas Pension Fund v. Joe McClelland, Inc.***, **23 F.3d 1256, 1257**

**(7th Cir. 1994)** ("No matter what an employer and local union agree orally, the

collective bargaining and contribution agreements establish the employer's obligation

to the pension fund . . . .")

Here, Defendant maintains that because Local 309 breached a pre-CBA

promise to provide its employees with health and welfare coverage, it had no

obligation to perform under the CBA. (Doc. 50.) As noted above, however, a party's

obligations under a collectively bargained agreement are dictated solely by the

agreement itself, not by any oral promises alleged to have been made prior to its

effective date.[3] ***Id.*** Local 309's alleged breach of pre-CBA oral promises, thus, has

no bearing on Defendant's obligations under the CBA.[4] As such, no genuine issue

_____

[3] And for good reason; as the Seventh Circuit has explained,

Costs of tracking down reneging employers and litigating also come out of money available to pay benefits. The more complex the litigation, the more the plan must spend. Litigation involving conversations between employers and local union officials — conversations to which plans are not privy — may be especially costly, and hold out especially great prospects of coming away empty-handed. How is a pension fund to overcome a jointly advanced claim that there were oral exceptions to the documents?

***Central States v. Gerber***, **870 F.2d at 1151**.

[4] To the extent, moreover, that Defendant's brief can be construed to argue that Local 309 breached the CBA itself, and that this breach justified its failure to meet its obligations under the CBA, Defendant has failed to identify so much as the provision of the CBA that was breached. Such a meager showing would be insufficient to defeat Plaintiffs' motion for summary judgment. *See* ***Walker***, **28 F.3d at 670-71 (7th Cir. 1994)**.

remains as to whether Defendant violated that agreement.  The Court accordingly finds Defendant liable for breaching the CBA.

### C.    Amount of Damages

The next issue is the amount of Defendant's liability.  With regard to damages, the Seventh Circuit employs a burden-shifting approach.  Under this method, "[a]n evidentiary burden is imposed on employers if a fund raises genuine questions about the accuracy of the employer's record-keeping practices." ***Laborers' Pension Fund*, 377 F.3d at 739**.  If a fund shows that an employer's records are deficient, that is, and "produces an apparently sound accounting suggesting that money is owed," the employer bears an evidentiary burden to explain why its payments were proper.  ***Chicago Dist. Council of Carpenters Pension Fund v. Reinke Insulation Co.*, 347 F.3d 262, 264 (7th Cir. 2003)**.  In the absence of such a showing, the fund will prevail on summary judgment.  ***Id.***

Here, Plaintiffs have shown — and Defendant does not contest — that Defendant failed to pay money it owed under the terms of the CBA.  Plaintiffs have further produced an apparently sound audit detailing the amounts Defendant owes. In response, Defendant submits no documents or other materials to contradict Plaintiffs' assertions, nor comes forward with any meaningful evidence showing that the amounts Plaintiffs assert it owes are incorrect.  Its sole defenses are (1) that it should be allowed to deduct the cost of health care it paid for from another provider; (2) that it was not obligated to contribute for supervisory work performed by Rodney

Cheatham; (3) that liquidated damages, interest, and attorneys' fees are improper in this action; and (4) that it should be liable for no damages after the contract term ended on August 31, 2005.

Addressing these arguments in turn, first Defendant identifies no language in the CBA that would allow it to deduct the cost of alternative health-care coverage from its required payments under the CBA.  Nor does Defendant cite a case or offer a theory that would countenance such a reduction.  Consequently, the Court finds that no genuine issue remains as to whether the cost of alternative health insurance should be discounted from the amount Defendant owes.

Second, on the question of whether the CBA obligates Defendant to contribute to Plaintiff funds based on Rodney' Cheatham's work, neither party bases its arguments on language from the controlling document on this issue — the CBA. Instead, they rely on competing affidavits purporting to state what that document does and does not permit.  Plaintiffs, for their part, submit an affidavit from James Berger, Business Manager for Local 309, stating, in conclusory fashion, that Cheatham performed supervisory work as a working owner and that such work "is work covered by the Collective Bargaining Agreement."[5] (Doc. 42, Ex. 15, ¶¶ 19, 20.) Defendant, in turn, relies on an affidavit from Cheatham stating that "Rodney

---

[5] Berger's affidavit further states that "[i]n the jurisdiction of Local 309, it is the local custom for working owners to pay contributions and working dues on forty (40) hours per week of work without identifying the percent of their work covered by the Collective Bargaining Agreement."  (Doc. 42, Ex. 15.)  Plaintiffs neglect to explain, however, why custom should determine the parties' obligations here.

Cheatham has not done union covered work since December, 2003, and no sums are due and owing to the union for non-covered work performed by Rodney Cheatham in a management fashion." (Doc. 50, Cheatham Aff., ¶ 9.)

The Court finds that Plaintiffs have not met their burden to demonstrate the absence of a genuine issue with regard to the work performed by Cheatham. To do so, Plaintiffs as an initial matter would need at least to identify the specific CBA provisions wherein they ground Defendant's obligation to contribute. *Contrast **Laborers' Pension Fund**, 377 F.3d 735* (affirming a district court's entry of summary judgment where plaintiff funds grounded their argument that an agreement covered certain work in the agreement's unambiguous language). A bare affidavit purporting to summerize the relevant terms of an agreement does not do the trick. The Court, moreover, finds that Cheatham's affidavit raises a genuine issue as to the question of whether or not his work after December 2003 was covered by the CBA. In pertinent part, that affidavit denies that Cheatham — Defendant's president — performed covered work and states that "[w]ork performed by Mr. Cheatham was limited to bidding, management, and supervision of jobs." (Doc. 50, Cheatham Aff., ¶ 9.) Even accepting Plaintiffs' position that supervisory work is covered, this statement identifies other work — at least bidding and perhaps management — that may not be covered by the agreement. The Court finds this sufficient to establish a genuine issue of material fact. *See **Illinois Conference of Teamsters & Employers Welfare Fund v. Steve Gilbert Trucking**, 71 F.3d 1361, 1366-67*

**(7th Cir. 1995)**; *see also* **Laborers' Pension Fund, 377 F.3d at 739** (establishing that the relevant question is whether an employer has "introduce[d] [a] factual assertion to dispute the audit's findings").

Third, the Court finds Defendant's argument that liquidated damages, interest, and attorneys' fees should not be granted in this case to be unfounded. Assuming the Court finds against Defendant on the question of liability, **29 U.S.C. § 1132(g)(2)** affirmatively requires that a district court award liquidated damages, interest, and attorneys' fees. *See also* **Laborers' Pension Fund, 377 F.3d 739-40**.

Finally, the Court finds that Plaintiffs have not established the absence of a genuine issue on the question of whether Defendant should be liable after August 31, 2005. It is undisputed that the original agreement entered into between Defendant and Local 309 ended on that date. The real issue here, however, is whether the agreement's "evergreen" provision — which provides that the agreement "shall continue in effect from year to year [subsequent to its initial expiration], from September first (1st) through August thirty-first (31st) each year, unless changed or terminated" (Doc. 42, Ex. 1, § 1.01) — applies. Neither party has briefed the question.[6] As such, the Court finds that Plaintiffs have failed to carry their burden,

---

[6] Plaintiffs, in fact, neglected until their reply to identify the CBA's evergreen provision as the basis for their argument that Defendant should be liable under the CBA after August 31, 2005. This tactic deprived Defendant of an opportunity to mount a response. **S.D. ILL. LOCAL RULE 7.1( c)**. ("Under no circumstances will sur-reply briefs be accepted.") As a general matter, a reply brief is the wrong place for a party to present new arguments. *See, e.g.*, **Parrillo v. Commercial Union Ins. Co., 85 F.3d 1245, 1250 (7th Cir. 1996)** (holding that new arguments on reply are waived in the appellate context).

Page 10 of  11

and a genuine issue remains.

### IV.  Conclusion

Therefore, for the foregoing reasons the Court **GRANTS in part** and

**DENIES in part** Plaintiffs' motion for summary judgment.  (Doc. 41.)  The Court

**GRANTS** Plaintiffs' motion on the questions of whether Defendant is liable for breach

of the CBA and whether, due to that breach, Defendant is liable under **29 U.S.C. §**

**1132** for interest, liquidated damages, and attorneys' fees.  The Court **DENIES**

Plaintiffs' motion as to the amount of those damages.

**IT IS SO ORDERED**.

Signed this 26th day of June, 2006.


/s/            David  RHerndon
**United States District Judge**