**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ARTHUR J. MINOR, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO.:   3:04CV627 |
| | ) | |
| vs. | ) | CJRA TRACK:  B |
| | ) | |
| PRO-COMM COMMUNICATIONS, INC. | ) | JUDGE:  DAVID R. HERNDON |
| | ) | |
| Defendant. | ) | |

**FINAL PRETRIAL ORDER**

This matter comes before the Court for Final Pretrial Conference held pursuant to Federal Rule of Civil Procedure 16.

**I.     COUNSEL OF RECORD**

**Plaintiffs' Counsel:**     Matthew B. Leppert
Rhona S. Lyons
1221 Locust Street, Second Floor
St. Louis, Missouri 63103
(314) 621-2626
FAX: (314) 621-2378

**Defendant's Counsel:**     Kevin J. Stine
Mathis, Marifian, Richter & Grandy, Ltd.
23 Public Square, Suite 300
Belleville, Illinois 62220
(618) 234-9800
FAX:  (618) 234-9786

**II.     NATURE OF THE CASE**

The Trustees of the Employee Benefit Funds, the Southwestern Illinois Division-Illinois Chapter National Electrical Contractors, and the International Brotherhood of Electrical Workers Local 309 brought this action against Defendant Pro-Comm Communications, Inc. for an audit and to collect unpaid employee benefit contributions, working dues, interest, liquidated damages, attorneys' fees, and costs owed to the Plaintiffs pursuant to Collective Bargaining Agreements to which Defendant Pro-Comm was signatory and in connection with the labor performed by all of the employees of Defendant

Pro-Comm including Rodney Cheatham for the period from July 25, 2002 through the present. Defendant does not admit that contributions are due on behalf of all its employees or for all periods since July 25, 2002.

In their Complaint, Plaintiffs sought an audit for the period from July 2002 to the present. Defendants produced the records sought by Plaintiffs for the period from July 2002 through July 2005. Therefore, Plaintiffs no longer seek an audit.

On June 26, 2006, the Court granted Plaintiffs' Motion for Summary Judgment in part holding that Defendant is liable for breaching the Collective Bargaining Agreement and, due to that breach, Defendant is liable for interest, liquidated damages, and attorneys' fees.

### III.   JURISDICTION

A.   This is an action for employee benefit contributions, working dues, interest, liquidated damages, and attorneys' fees.

B.   Jurisdiction of the Court is invoked under Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. § 185. The jurisdiction of the Court is not disputed.

### IV.   UNCONTROVERTED FACTS

The following facts are not disputed or have been agreed to or stipulated to by the parties:

**The Parties**

1.   Plaintiff, Local 309, is a voluntary unincorporated association with its principal office in Collinsville, Illinois. Local 309 exists for the purpose of dealing with employee grievances, labor disputes, wages, rates of pay, hours of employment, terms or conditions of employment and other purposes. Local 309 is a labor organization in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, entitled to enforce the terms of the Collective Bargaining Agreement including the payment of wages, contributions, and working dues.

2.   The Welfare and Apprenticeship Funds are covered "employee welfare benefit plans" as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Pension Fund and the NEBF are covered "employee pension benefit plans" as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2). These Funds are all multi-employer plans within the meaning of sections 3(37)(A) and 515 of ERISA, 29 U.S.C. §§ 1002(37)(A) & 1145.

3.   The National Labor Management Cooperation Committee-Illinois Chapter (LMCC) is an industry-wide, labor-management committee under Section 302(c)(9) of the

LMRA, 29 U.S.C. § 1861(c)(9), and is not covered by ERISA. The Administrative Maintenance Fund (AMF) is administered by the Southwestern Division, Illinois Chapter NECA and was established for the purpose of administration of the Collective Bargaining Agreement, and is not covered by ERISA. The AMF is a third-party beneficiary to the Collective Bargaining Agreement.

4. At all times material to this lawsuit Pro-Comm has been a corporation duly organized and existing under the laws of the State of Illinois, an employer within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and of section (3)(5) of ERISA, 29 U.S.C. § 1002(5) and engaged in the electrical construction business with a principal place of business at 1950 S. Morrison, Caseyville, Illinois, 62232.

**Related to the Collective Bargaining Agreement**

5. On July 25, 2002, Rebecca Cheatham, Treasurer, signed the "Letter of Assent-A" to the South Central Illinois Telecommunications Labor Agreement ("Collective Bargaining Agreement") between the Central Illinois Division - Illinois Chapter - N.E.C.A. and Local 309.

6. At all times material to this lawsuit, Rodney Cheatham has been President of Pro-Comm.

7. The rates of contributions to the Funds and Local 309 are set forth in the Collective Bargaining Agreement.

8. The Trust Agreements of the Plaintiff Funds are incorporated into the Collective Bargaining Agreement by reference.

9. In its Order of June 26, 2006, the Court found that there is no language in the Collective Bargaining Agreement that permits Pro-Comm to deduct the cost of alternative health-care coverage from the contributions owed to Plaintiffs.

10. In its Order of June 26, 2006, the Court found that Pro-Comm was not entitled to deduct the cost of alternative health-care coverage from the contributions owed to Plaintiffs.

**Related to Plaintiffs' Claims for the Period from July 25, 2002 to August 31, 2005.**

11. In its Order of June 26, 2006, this Court found that Pro-Comm failed to pay money it owed under the terms of the Collective Bargaining Agreement and, therefore, breached the Collective Bargaining Agreement.

12. On September 27, 2004 and October 18, 2004, Plaintiffs conducted an audit of Pro-Comm's books covering the period from July 2002 through August 2004 ("Payroll Audit.").

13. On September 27, 2005, Pro-Comm, as part of its discovery responses, provided a summary report of the hours paid and gross wages earned by Pro-Comm's employees for the period from September 2004 through July 2005 ("Payroll Summary").

14. On May 26, 2005, Plaintiffs received $2,500.00 from Safeco American States Insurance Company in satisfaction of a bond claim.

15. On June 26, 2006, the Court granted Plaintiffs' Motion for Summary Judgment in part holding that Defendant is liable for breaching the Collective Bargaining Agreement and, due to that breach, Defendant is liable for interest, liquidated damages, and attorneys' fees.

16. Plaintiffs' attorneys' fees and costs are to be determined.

## V. AGREED TO ISSUES OF LAW

The parties agree that the following are the issues to be decided by the Court:

A. Whether Pro-Comm is liable for contributions due on the hours worked and wages paid to Rodney Cheatham from July 25, 2002 through the present.

B. Whether Pro-Comm is liable for contributions due on the hours worked and wages to all of its eligible bargaining unit employees from September 1, 2005 through the present.

## VI. WITNESSES

A. List of witnesses Plaintiffs' may call, including experts.

1. Expert witnesses.

Brad Soderstrom, Auditor, Wolfe Nilges Nahorski, P.C.[1]

2. Other witnesses.

James R. Berger, Business Manager, Local 309, IBEW
Randy Eastwood, Business Representative, Local 309, IBEW
Corey Wirth, Administrative Manager, IBEW-NECA Service Center
Carole Stogner, Administrator, Local 309 Electrical Health and Welfare Fund and Local 309 Vacation Fund,
Katy Stevens, Paralegal, Schuchat, Cook & Werner

---

[1] Plaintiffs maintain that Brad Soderstrom, as a person involved in the ongoing calculations of the contribution obligation, interest and liquidated damages due on those contributions, is fact a witness not an expert witness, however, in the event he is considered an expert he is hereby listed as such. Defendants do not agree with this assertion.

        David J. Diewald

B.   List of witnesses Defendant expects to call, including experts:

    1.   Expert witnesses.

        None.

    2.   Other Witnesses.

        Rodney Cheatham, Agent of Pro-Comm
        Michael Cushing, former employee of Pro-Comm
        Colin Diewald, former employee of Pro-Comm
        Scott Liefer, former employee of Pro-Comm

C.   Rebuttal Witnesses. The Plaintiffs may call rebuttal witnesses and the Defendant may call sur-rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

D.   There are no third parties to the action.

## VII. EXHIBITS

See Attached Pretrial Exhibit Stipulation.

## VIII. DAMAGES

See Plaintiffs' Itemized Statement of Damages.

## IX. BIFURCATED TRIAL

The Parties do not desire a bifurcated trial.

## X. TRIAL BRIEFS

Trial briefs should be filed fourteen (14) days prior to the trial date set by the Court. The briefs should address any difficult factual or evidentiary issues and set forth each party's theory of liability or defense.

## XI. LIMITATIONS, RESERVATIONS, AND OTHER MATTERS

A.   **Trial Date.** November 27, 2006.

B.   **Length of Trial**. The probable length of trial is 1 day. The case will be listed on the trial calendar to be tried when reached.

**Mark Appropriate Box:**   JURY. . . . . . . . . ☐

NON-JURY. . . . ☒

C. **Motions in Limine.** Motions in limine shall be filed no later than twenty (20) days before the Trial. Responses, if any, shall be filed within ten (10) business days thereafter. Oral argument on motions in limine will only be allowed in exceptional circumstances and will be scheduled when the Court's calendar permits. Due to the nature of motions in limine, failure to file said motions by this deadline generally will not prejudice a party's ability to move in limine prior to trial. Later-filed motions, however, may be stricken if their consideration would delay the timely start of the trial.

**IT IS ORDERED** that the Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on motion of counsel or *sua sponte* by the Court.

DATED: October 6, 2006.


/s/    David    RHerndon
JUDGE DAVID R. HERNDON
UNITED STATES DISTRICT COURT


APPROVED AS TO FORM AND SUBSTANCE:


/s/ Matthew B. Leppert
ATTORNEY FOR PLAINTIFFS

/s /Kevin J. Stine
ATTORNEY FOR DEFENDANT

Pre-Trial Order (298458).wpd