IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ARTHUR MINOR, JR., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 04-CV-627-DRH |
| ) | |
| **PRO-COMM COMMUNICATIONS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

This Order considers three pending pre-trial motions in this case: 1) Plaintiffs' Motion to Exclude Evidence (Doc. 64); 2) Defendant's Motion in Limine to Bar Plaintiffs' Expert Witness (Doc. 66); and 3) Plaintiffs' Motion in Limine to exclude certain evidence (Doc. 68). The Court considers each of these motions below.

### II. ANALYSIS

**A. Plaintiffs' Motion to Exclude Evidence (Doc. 64)**

Plaintiffs' Motion to Exclude Evidence (Doc. 64) requests that the Court exclude evidence and testimony regarding Defendant's purchase of independent insurance coverage for its employees. Plaintiff specifically seems concerned that

Defendant will seek to introduce this evidence in an attempt to discount the amount paid to purchase independent insurance coverage from the outstanding contributions Defendant owes to the Welfare Fund. Defendant responds that it will seek to introduce the evidence to show the Defendant's good faith belief that it did not have to make contributions to the Welfare Fund. (Doc. 65, p. 1.) However, Defendant does not suggest that it wishes to introduce the evidence for the purpose of offsetting the amount owed in contributions; rather, Defendant's response, although ill-worded, seems to suggest that the evidence would be introduced merely on the issue of whether Defendant is liable for Plaintiffs' attorneys fees.

In the Court's June 26, 2006 Order (Doc. 57) granting in part and denying in part Plaintiffs' motion for summary judgment, the Court held that "a party's obligations under a collectively bargained agreement are dictated solely by the agreement itself, not by any oral promises alleged to have been made prior to its effective date." (*Id.*, p. 6.) Hence, "Local 309's alleged breach of pre-CBA oral promises, thus, has no bearing on Defendant's obligations under the CBA." (*Id.*) Based on this Order, Defendant's liability on the question of contributions should not be reduced by the amount of money Defendant paid for alternative insurance coverage, regardless of whether Defendant believed in good faith that the alleged breach had effectively terminated Defendant's obligations. Therefore, the Court **GRANTS** Plaintiffs' motion and will exclude any evidence or testimony regarding Defendant's purchase of alternative insurance coverage for this purpose. However, because Plaintiffs' motion does not contemplate excluding the evidence for the

purpose of the Court rendering a decision on whether Defendant is liable for attorneys fees, the Court's ruling does not extend to that issue.

**B. Defendant's Motion in Limine to Bar Plaintiffs' Expert Witness (Doc. 66)**

Defendant seeks to bar Plaintiffs' witness, Mr. Brad Soderstrom, auditor with Wolfe Nilges Nahorski, P.C. based on the fact that Plaintiff did not disclose him as an expert witness by May 31, 2005, as required by the scheduling order. Plaintiffs did send Defendant "Plaintiffs' Disclosure of Expert Testimony of Mr. Brad Soderstrom, Auditor with Wolfe Nilges Nahorski, P.C." on September 7, 2005. However, Plaintiffs state that the Disclosure and the cover letter maintained that Mr. Soderstrom is a fact witness. Plaintiffs continue to maintain that Mr. Soderstrom is a fact witness and not an expert witness. (Doc. 67.) Plaintiffs state that Mr. Soderstrom has been "involved in the ongoing calculations of Defendant's contribution obligation, interest and liquidated damages due on those contributions." (Doc. 67, p. 1.) Defendant offers no arguments as to why Mr. Soderstrom should be considered an expert witness, other than that he was disclosed as such.

**Federal Rule of Evidence 701** deals with lay witness opinion testimony and states (emphasis added):

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) *not based on scientific, technical, or other specialized knowledge* within the scope of **Rule 702**.

**Federal Rule of Evidence 702** applies to expert testimony and states:

3

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Court anticipates that Mr. Soderstrom will provide testimony based on his review and calculations regarding Defendant's contribution obligations. The Court finds that this type of testimony is not the subject of expert testimony. As such, the Court will allow Mr. Soderstrom to testify as a fact witness, so long as his testimony comports with **Federal Rule of Evidence 701**. Therefore, the Court **DENIES** Defendant's motion. (Doc. 66.)

**C. Plaintiffs' Motion in Limine (to exclude certain evidence) (Doc. 68)**

Lastly, Plaintiffs seek an order excluding evidence supporting Defendant's argument that the 2002 Telecommunications Labor Agreement ended on August 31, 2005, thereby releasing Defendant of any continuing obligations after that date. (Doc. 68.) Plaintiffs maintain that there is no evidence of a termination.

At this point, the Court is unable to rule out the Defendant's theory as set out in its response. If Defendant, in fact, produces evidence of a termination, the parties will be allowed to present arguments as to why the evidence should and should not be admissible. Therefore, the Court **DENIES** Plaintiffs' motion at this time.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Exclude Evidence (Doc. 64), **DENIES** Defendant's Motion in Limine to Bar Plaintiffs' Expert Witness (Doc. 66), and **DENIES** Plaintiffs' Motion in Limine (Doc. 68).

**IT IS SO ORDERED**.

Signed this 14th day of November, 2006.

/s/       David   RHerndon
**United States District Judge**